IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE JOINT COMMISSION ON ACCREDITATION OF HEALTHCARE ORGANIZATIONS, and JOINT COMMISSION RESOURCES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HCPRO, INC., and FORTIS BUSINESS MEDIA LLC d/b/a BLR – BUSINESS & LEGAL RESOURCES, <br><br> Defendants. | JURY DEMAND <br><br> Case No. 1:14-CV-10225 <br><br> Judge John J. Tharp |

### INITIAL STATUS REPORT

Plaintiffs and Defendant Fortis Business Media LLC ("Fortis") submit the following Initial Status Report.

**1. The Nature of the Case**

   *A. Attorneys of Record*

   For Plaintiffs:

   John T. Gabrielides  (IL Bar No. 6198323) – Lead Trial Attorney
   Nicholas G. de la Torre (IL Bar No. 6269612)
   Jeffrey Catalano (IL Bar No. 6289197)
   Michael R. Friedman (IL Bar No. 6312846)
   BRINKS GILSON & LIONE
   NBC Tower, Suite 3600
   455 North Cityfront Plaza Drive
   Chicago, Illinois 60611-5599
   Telephone:  312.321.4200
   Facsimile:    312.321.4299

>jtg@brinksgilson.com
>ndelatorre@brinksgilson.com
>jcatalano@brinksgilson.com
>mfriedman@brinksgilson.com
>uscourts@brinksgilson.com

For Fortis:

>Richard N. Kessler (IL Bar No. 6183140)
>Matthew J. Cavanagh (OH Bar No. 0079522)
>McDonald Hopkins LLC
>300 N. LaSalle Street, Ste. 2100
>Chicago, Illinois 60654
>t 312.280.0111 │ f 312.280.8232
>rkessler@mcdonaldhopkins.com
>mcavanagh@mcdonaldhopkins.com

B. *Nature of the Claims Asserted in the Complaint*

By Plaintiffs: Plaintiffs claim that Defendants have infringed the copyright in a document entitled "2013 Comprehensive Accreditation Manual for Hospitals." The Manual is the subject of U.S. Copyright Registration No. TX 7-656-468. The Manual was authored by Plaintiff The Joint Commission on Accreditation of Healthcare Organizations, which has the mission of improving public heath by (among other things) evaluating health care organizations and inspiring them to excel in providing safe, effective, and high-quality care. Plaintiffs license the Manual to third parties for a licensing fee that allows the third parties to (for example) copy and distribute the Manual in order to meet Plaintiffs' certification standards. Defendants have (among other things) copied, distributed, and prepared derivative works that are based on, and that appropriate the copyrighted expression in, the Manual without permission from Plaintiffs. Such actions constitute copyright infringement.

There are no counterclaims or third-party claims.

By Fortis: Fortis denies that it has violated plaintiffs' purported copyright interests and asserts, among other things, that: (i) plaintiffs' "Manual" lacks the originality necessary to have valid and enforceable copyright protection; (ii) even if the Manual had enough originality to withstand Fortis' challenge, the accused publications are not similar enough to the Manual to constitute infringement; (iii) plaintiffs' lawsuit is an improper attempt to use the Copyright Act to protect ideas and facts, rather than the expression of ideas and facts; and (iv) Fortis cannot be liable for the accused publications because HCPro, Inc. – a separate and independent business from Fortis – is responsible for those publications.

### C. *Major Legal and Factual Issues*

By Plaintiffs: (i) ownership of a valid copyright in the Manual; (ii) actual copying of the Manual by the Defendants, which can be shown by Defendants' access to the Manual and probative similarity between the Manual and the infringing works; (iii) instead of the foregoing, substantial similarity between the Manual and the infringing works; (iv) the amount of actual damage Plaintiffs have suffered by reason of Defendants' infringement; and (v) the amount of profits Defendants have realized by their infringement.

By Fortis: (i) plaintiffs' purported copyright is not valid or enforceable; (ii) Fortis has not copied, distributed, prepared derivative works, or violated any of plaintiffs' other purported rights of exclusivity under 17 U.S.C. § 106; (iii) the accused publications are not substantially similar to the Manual; (iv) Fortis is not liable for the acts of HCPro, Inc.; (v) Fortis has an impenetrable fair use defense; and (vi) plaintiffs' lawsuit is a copyright misuse.

*D. Relief Sought*

By Plaintiffs: Plaintiffs' actual damages and Defendants' profits attributable to their unlawful activities, to the extent they do not represent double recovery (17 U.S.C. § 504(a)(1)). In the alternative, an award of statutory damages (17 U.S.C. § 504(a)(2)). An injunction preventing Defendants from continuing their infringing acts (17 U.S.C. § 502). An order impounding all infringing works (17 U.S.C. § 503). An award of Plaintiffs' attorneys' fees and costs (17 U.S.C. § 505).

By Fortis: After it prevails, Fortis will seek its costs and attorneys' fees under 17 U.S.C. § 505.

**2. Subject-Matter Jurisdiction**

Plaintiffs' Position: Plaintiffs' claim of copyright infringement is based on the Copyright Act, 17 U.S.C. §§ 101 et seq. As such, the Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. In addition, as set forth in Section 4 below, Plaintiffs will file a First Amended Complaint to reflect the name change of Defendant HCPro, Inc. The First Amended Complaint will also include diversity (28 U.S.C. § 1332) as an additional basis for the Court's subject-matter jurisdiction. The amount in controversy exceeds $75,000. Plaintiffs are Illinois not-for-profit corporations with principal places of business in Illinois. Fortis Business Media is a Delaware company with a principal place of business in Tennessee. The Greeley Company, Inc. (the new name of Defendant HCPro, Inc.) is a Delaware company with a principal place of business in Massachusetts.

Fortis' Position: Fortis contests subject matter jurisdiction because plaintiffs lack standing to sue Fortis. The second of three standing requirements is that the alleged injury be "fairly traceable to the challenged action of the defendant." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 181 (2000). Because HCPro, Inc. published the two publications that plaintiffs accuse of infringement, plaintiffs' alleged injuries cannot be fairly traceable to Fortis and, consequently, there is no standing as against Fortis.

3. **Status of Service**

Fortis has been served and has answered the complaint.

Plaintiffs served Defendant HCPro, Inc. on January 9, 2015, at 75 Sylvan Street, Suite A-101, Danvers, MA 01923. After service was made, Plaintiffs' counsel was contacted by an attorney for The Greeley Company, Inc., who advised that prior to service, HCPro, Inc. sold its assets to Fortis and then changed its name to The Greeley Company, Inc., which is also located at 75 Sylvan Street, Suite A-101, Danvers, MA 01923. Plaintiffs will file a First Amended Complaint to substitute The Greeley Company, Inc. for HCPro, Inc.

4. **Consent to Proceed Before a United States Magistrate Judge**

Undersigned counsel have advised their respective clients that they may proceed before a Magistrate Judge upon unanimous consent. The parties have not reached such consent.

5. **Motions**

There are no pending motions. On February 20, 2015, Fortis answered the Complaint.

6. **Status of Settlement Discussions**

The parties had settlement discussions prior to the filing of this lawsuit. The parties expect to resume settlement discussions before incurring substantial fees and costs in this lawsuit. The parties do not currently request a settlement conference.

Respectfully submitted,

s/ Matthew J. Cavanagh
Richard N. Kessler (6183140)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
300 N. LaSalle Street, Ste. 2100
Chicago, Illinois 60654
t 312.280.0111 │ f 312.280.8232
rkessler@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Counsel for
Fortis Business Media LLC

/s/ John Gabrielides
John T. Gabrielides (IL Bar No. 6198323)
Nicholas G. de la Torre (IL Bar No. 6269612)
Jeffrey Catalano (IL Bar No. 6289197)
Michael R. Friedman (IL Bar No. 6312846)
BRINKS GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: 312.321.4200
Facsimile: 312.321.4299

Counsel for Plaintiffs