# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE JOINT COMMISSION ON ACCREDITATION OF HEALTHCARE ORGANIZATIONS, and JOINT COMMISSION RESOURCES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE GREELEY COMPANY, INC. and FORTIS BUSINESS MEDIA LLC d/b/a BLR – BUSINESS & LEGAL RESOURCES, <br><br> Defendants. | Case No. 1:14-cv-10225 <br><br> Judge John J. Tharp <br><br> JURY DEMAND |

## SECOND AMENDED COMPLAINT

Plaintiffs, The Joint Commission on Accreditation of Healthcare Organizations ("The Joint Commission") and Joint Commission Resources, Inc. ("JCR"), allege:

**Nature Of Action, Parties, And Jurisdiction**

1. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.

2. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, and 1338. The matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

3. The Joint Commission is an Illinois not-for-profit corporation with its principal place of business at One Renaissance Boulevard, Oakbrook Terrace, Illinois 60181, within this judicial district. The Joint Commission is a nationally-recognized accreditation and certification

program for more than 20,000 health care organizations and programs in the United States. Its mission is to improve health care for the public by, among other things, evaluating health care organizations and inspiring them to excel in providing safe and effective care of the highest quality and value.

4. JCR is an Illinois not-for-profit corporation with its principal place of business at One Renaissance Boulevard, Oakbrook Terrace, Illinois 60181, within this judicial district. JCR has the excusive right to carry out The Joint Commission's education, publication, and accreditation preparation functions, as they pertain to improving patient safety and quality of care in the health care environment. JCR has the right, from The Joint Commission, to (among other things) copy, sell, distribute, and publish materials owned by The Joint Commission.

5. The Joint Commission is the sole Member of JCR, and wholly controls JCR. (The Joint Commission and JCR are together referred to as "Plaintiffs.")

6. The Joint Commission directly and/or indirectly licenses its copyrighted works to third parties who pay licensing fees to exercise some or all of the rights owned by The Joint Commission, including (for example) reproducing the works, preparing derivative works, distributing copies of the works, publicly performing the works, and publicly displaying the works.

7. On information and belief, defendant The Greeley Company, Inc. is a Delaware corporation with its principal place of business at 75 Sylvan Street, Suite A 101, Danvers, Massachusetts 02110. On information and belief, prior to a name change on November 4, 2013, The Greeley Company was known as HCPro, Inc. (Hereinafter, The Greeley Company, Inc. and HCPro, Inc. are collectively referred to as "Greeley.") On information and belief, Greeley,

through its agents and representatives: has done, and is doing, business in this judicial district; has and is engaged in acts and/or omissions within this judicial district causing injury to Plaintiffs; and has and is engaged in acts outside of this judicial district causing injury to Plaintiffs within this judicial district. Thus, Greeley has, and has had, minimum contacts with this judicial district such that the Court has personal jurisdiction over Greeley.

8. On information and belief, defendant Fortis Business Media LLC d/b/a BLR – Business & Legal Resources ("Fortis") is a Delaware limited liability company with its principal place of business at 100 Winners Circle, Suite 300, Brentwood, Tennessee 37027. On information and belief, Fortis, through its agents and representatives: has done, and is doing, business in this judicial district; has and is engaged in acts and/or omissions within this judicial district causing injury to Plaintiffs; and has and is engaged in acts outside of this judicial district causing injury to Plaintiffs within this judicial district. Thus, Fortis has, and has had, minimum contacts with this judicial district such that the Court has personal jurisdiction over Fortis. (Greeley and Fortis are together referred to as "Defendants.")

**Copyright Infringement, 17 U.S.C. §§ 106 and 501**

9. In 2009, The Joint Commission authored and published a document entitled "2009 Comprehensive Accreditation Manual for Hospitals, Update 2" (hereinafter, "2009 CAMH, Update 2"). <u>Exh. A</u>. The 2009 CAMH, Update 2 is an original work of authorship entitled to the full protection of the Copyright Laws, 17 U.S.C. §§ 101 *et seq*.

10. On June 3, 2015, The Joint Commission filed with the U.S. Copyright Office an application to register the copyright in the 2009 CAMH, Update 2. (<u>Exh. B</u>.)

11. In 2011, The Joint Commission authored and published a document entitled "2011 Comprehensive Accreditation Manual for Hospitals" (hereinafter, "2011 CAMH, Update 2"). Exh. C. The CAMH is an original work of authorship entitled to the full protection of the Copyright Laws, 17 U.S.C. §§ 101 *et seq*.

12. On November 8, 2011, the U.S. Copyright Office issued Copyright Registration No. TX 7-528-407 for the 2011 CAMH, Update 2 to the Joint Commission. Exh. D.

13. On June 15, 2015, The Joint Commission mailed Form CA to the U.S. Copyright CA, seeking a supplementary registration to correct some incorrect facts in Copyright Registration No. TX 7-528-407, pursuant to 17 U.S.C. § 408. Exh. E.

14. The Joint Commission has directly and/or indirectly licensed the 2009 CAMH, Update 2 and the 2011 CAMH, Update 2 (collectively, the "Works") to third parties who pay licensing fees to (for example) reproduce the Works, prepare derivative works based on the Works, distribute copies of the Works, publicly perform the Works, and/or publicly display the Works.

15. Defendants do not have, and have never had, any license, authorization permission or consent from Plaintiffs to reproduce, distribute, publicly perform, publicly display, or prepare derivative works based on the Works.

16. Nevertheless, Defendants have reproduced, distributed, publicly performed, publicly displayed, and/or prepared materials that are copies, or substantially similar to, and/or derivative of the Works.

17. For example, and without limitation, Defendants have reproduced and distributed:

   a. *Chapter Leader's Guide to Provision of Care* (2012 ed.);

b. *Chapter Leader's Guide to Infection Control* (2012 ed.);

c. *Chapter Leader's Guide to Information Management* (2012 ed.);

d. *Chapter Leader's Guide to Life Safety* (2013 ed.);

e. *Chapter Leader's Guide to Human Resources* (2012 ed.); and

f. *Verify and Comply: Credentialing and Medical Staff Standards Crosswalk*, Sixth Edition.

each of which includes text that has been copied from, is substantially similar to, and/or is derivative of the Works.

18. For example, and without limitation, the following portions of Defendants' indicated publications infringe Plaintiffs' 2009 CAMH, Update 2:

| ***Defendants' Infringing Publication*** | ***Plaintiffs' 2009 CAMH, Update 2*** |
|---|---|
| Chapter Leader's Guide to Provision of Care (2012 ed.): Pages xiv, 34, 38-39, 63, 65, 68-69, 77, 82 | Pages PC-1, 16, 17, 19, 58, 59, 61, 62, 63, 65 |
| Chapter Leader's Guide to Infection Control (2012 ed.): Pages 80-82 | Pages NPSG-10, 11, 13, 14 |
| Chapter Leader's Guide to Information Management (2012 ed.): Pages 43-67 | Pages: IM-3 through 9; MM-5; MS-17; PC-5, 6, 7, 13, 14, 25, 26, 27, 31 through 34, 40, 41, 44 through 47, 49, 50, 51; RC-3 through 13; RI-7, 9, 12 |
| Chapter Leader's Guide to Life Safety (2013 ed.): Pages 24, 25, 29, 35-38, 40-54, 56, 57, 59-64 | Pages LS-7 through 14 |
| Chapter Leader's Guide to Human Resources (2012 ed.): Pages 120-123, 125-130 | Pages HR-3 through 10 |

| *Defendants' Infringing Publication* | *Plaintiffs' 2009 CAMH, Update 2* |
|---|---|
| Verify and Comply: Credentialing and Medical Staff Standards Crosswalk, Sixth Edition: Pages 205-208 | Pages MS-15, 16, 17, 34; LD-16 |

19. For example, and without limitation, the following portions of Defendants' indicated publications infringe Plaintiffs' 2011 CAMH, Update 2:

| *Defendants' Infringing Publication* | *Plaintiffs' 2011 CAMH, Update 2* |
|---|---|
| Chapter Leader's Guide to Infection Control (2012 ed.): Pages 83 | Pages NPSG-17 |
| Chapter Leader's Guide to Human Resources (2012 ed.): Pages 124 | Pages HR-6 |

20. Defendants have financially profited form their aforementioned acts.

21. Defendants' aforesaid acts constitute infringement under 17 U.S.C. § 501 *et seq.*, as violating the exclusive rights granted by 17 U.S.C. § 106.

22. Defendants have engaged in the aforesaid acts of infringement for their own commercial and financial benefit and have failed to compensate Plaintiffs for Defendants' infringing acts.

23. Defendants' acts of infringement have been willful, intentional, and purposeful in that, among other things, Defendants had access to the Works before engaging in their unlawful acts, and had knowledge of The Joint Commission's copyrights therein, thus evidencing Defendants' intentional disregard of, and indifference to, The Joint Commission's rights.

24. As a direct and proximate result of Defendants' intentionally infringing conduct, Plaintiffs have lost revenues and profits and have sustained damage to their goodwill among customers and potential customers.

25. As a direct and proximate result of Defendants' intentional infringing conduct, Defendants have been unjustly enriched and Plaintiffs are entitled to Defendants' profits attributable to the infringement, including an account of, and a constructive trust with respect to, such profits.

26. As a direct and proximate result of Defendants' intentionally infringing conduct, Plaintiffs are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. §505 and otherwise according to law.

27. Unless preliminarily and permanently enjoined by this Court, Defendants will continue their unlawful conduct and will cause Plaintiffs to suffer additional harm, financial and otherwise (including irreparable harm). Absent preliminary and permanent injunctive relief, Plaintiffs do not have an adequate remedy at law to redress the injuries that Defendants' wrongful conduct has caused and will continue to cause.

28. Plaintiffs demand a trial by jury on all issues so triable.

**Prayer for Relief**

WHEREFORE, Plaintiffs pray for the following relief against Greeley and Fortis, individually and collectively:

A. For a finding that Defendants have willfully infringed The Joint Commission's copyrights in the Works.

B.      For each Plaintiff's actual damages in such amount as may be found, as recoverable under the Copyright Act or otherwise permitted by law.

C.      For an accounting of, and the imposition of a constructive trust with respect to, Defendants' profits attributable to their infringing activities.

D.      For statutory damages, as recoverable under the Copyright Act.

E.      For preliminary and permanent injunctive relief prohibiting Defendants, and all persons acting in concert or participation with them, including their respective agents, servants, employees, officers, successors, licensees, assigns, and distributors, from directly or indirectly infringing The Joint Commission's copyrights and from marketing, offering, selling, disposing of, licensing, leasing, transferring, using, displaying, distributing, advertising, offering for sale, reproducing or having reproduced for its benefit, developing, or manufacturing any works derived or copied from the Works, or from participating or assisting in any such activity.

F.      For an order requiring that Defendants deliver to Plaintiffs for impoundment and/or destruction any and all originals, copies, facsimiles, or duplicates of the copyrighted and/or infringing works in Defendants' possession, custody, or control.

G.      For an order requiring that Defendants recall from all third parties known to Defendants any originals, copies, facsimiles, or duplicates of any works that infringe The Joint Commission's copyrights and to deliver to Plaintiffs for destruction all such works.

H.      That Defendants be required to file with the Court and to serve on Plaintiffs, within 30 days after entry of an appropriate order, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

I. An award of each Plaintiff's attorneys' fees, costs, and disbursements in this action.

J. For prejudgment interest on any award from this action.

K. For such other, further, and different relief as the Court deems proper under the circumstances.

*/s/ John Gabrielides*
John T. Gabrielides (IL Bar No. 6198323)
Nicholas G. de la Torre (IL Bar No. 6269612)
Jeffrey Catalano (IL Bar No. 6289197)
Michael R. Friedman (IL Bar No. 6312846)
BRINKS GILSON & LIONE
NBC Tower--Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
(312) 321-4200

Attorneys for Plaintiffs

## Certificate of Service

I hereby certify that on June 15, 2015, I served a copy of:

**SECOND AMENDED COMPLAINT**

on counsel of record pursuant to the Court's Electronic Case Filing ("ECF") system.

>*/s/ John Gabrielides*_____
>John Gabrielides
>Counsel for Plaintiffs