**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE JOINT COMMISSION ON ACCREDITATION OF HEALTHCARE ORGANIZATIONS, and JOINT COMMISSION RESOURCES, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:14-cv-10225 |
| vs. | ) ) ) | Judge John J. Tharp Jr. |
| THE GREELEY COMPANY, INC., and FORTIS BUSINESS MEDIA LLC d/b/a BLR – BUSINESS & LEGAL RESOURCES, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT THE GREELEY COMPANY, INC.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND AND PLAINTIFFS' CLAIM......................................................... 2

ARGUMENT ...................................................................................................................... 3

    I.    LEGAL STANDARD................................................................................... 4

    II.    JCR'S CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFFS DO NOT ALLEGE THAT CO-PLAINTIFF JCR OWNS A VALID COPYRIGHT................................................................................................. 5

    III.    THE SAC SHOULD BE DISMISSED AS TO THE 2009 CAMH BECAUSE THE COPYRIGHT WAS NOT REGISTERED PRIOR TO FILING SUIT................................................................................................... 6

    IV.    THE SAC SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE THAT GREELEY COPIED CONSTITUENT ELEMENTS OF THE PLAINTIFF PUBLICATIONS THAT ARE ORIGINAL ................................................................................................... 7

        A.    Plaintiffs Do Not Clearly Allege Which Works Infringe the Plaintiff Publications............................................................................... 7

        B.    Plaintiffs Do Not Plausibly Allege that Defendants had Opportunity to Copy Either of the Plaintiff Publications .......................... 8

        C.    Neither the Infection Guide nor the HR Guide is Substantially Similar to the 2011 CAMH....................................................................... 9

            i.    The Infection Guide is not substantially similar to the 2011 CAMH.................................................................................. 11

            ii.    The HR Guide is not substantially similar to the 2011 CAMH.................................................................................. 13

CONCLUSION................................................................................................................. 14

Defendant The Greeley Company, Inc. ("Greeley") respectfully submits this memorandum in support of its accompanying motion ("Motion") to dismiss the Second Amended Complaint ("SAC") of plaintiffs The Joint Commission on Accreditation of Healthcare Organizations (the "Joint Commission") and Joint Commission Resources, Inc. ("JCR," and collectively with the Joint Commission, "Plaintiffs").

## INTRODUCTION

The SAC is Plaintiffs' third attempt to state a claim for copyright infringement. Plaintiffs have abandoned the allegedly infringed work from their first two pleadings, and now allege that Defendants' "materials" (at least some of which are not listed in the SAC) infringe two other publications. But Plaintiffs did not bother to register the copyright in one of those publications until well after they initiated this lawsuit. Plaintiffs also make conclusory, unsupported allegations as to multiple elements of their copyright infringement claim (and fail completely to make even a conclusory allegation as to how one element applies to JCR). Moreover, Plaintiffs confusingly lump both defendants together rather than specifically alleging which defendant committed which particular act of infringement.

Simply put, Plaintiffs' SAC does not state a plausible claim to relief. This Court should dismiss the SAC because (1) Plaintiffs do not allege that co-plaintiff JCR owns a valid copyright; (2) the Joint Commission did not register (or even apply to register) the copyright in the 2009 CAMH until after Plaintiffs instituted this lawsuit; (3) Plaintiffs have failed to plausibly allege that Greeley copied original elements of the allegedly infringed works; and (4) Plaintiffs' allegations of substantial similarity with regard to the 2011 CAMH fail as a matter of law.

## FACTUAL BACKGROUND[1] AND PLAINTIFFS' CLAIM

In 2009, the Joint Commission allegedly authored and published a printed work entitled "2009 Comprehensive Accreditation Manual for Hospitals, Update 2" (the "2009 CAMH").[2] [SAC, Dkt. 42, ¶ 9.] On June 3, 2015, more than five years after publication of the 2009 CAMH, the Joint Commission filed an application to register the copyright in the 2009 CAMH. *Id.* at ¶ 10.

In 2011, the Joint Commission allegedly authored and published a document entitled "2011 Comprehensive Accreditation Manual for Hospitals, Update 2" (the "2011 CAMH,"[3] and collectively with the 2009 CAMH, the "Plaintiff Publications"). *Id.* at ¶ 11. The Copyright Office issued copyright registration no. TX 7-528-407 (the "Registration") for the 2011 CAMH, with an effective date of November 8, 2011. *Id.* at ¶ 12, Ex. D. The registration certificate lists "Joint Commission" as the author of the work and lists JCR as the copyright claimant. *Id.*, Ex. D. On or about June 15, 2015, the Joint Commission submitted to the Copyright Office Form CA, which sought to correct admittedly "incorrect facts" in the 2011 Registration. *Id.* at ¶ 13. Specifically, the submitted form changed the author of the 2011 CAMH from "Joint Commission" to "Joint Commission on Accreditation of Healthcare Organizations" and changed the copyright claimant from JCR to the Joint Commission. *Id.* at Ex. E.

Plaintiffs further allege that, at some indeterminate time, Greeley and defendant Fortis Business Media LLC ("Fortis," and collectively with Greeley, "Defendants")[4] "reproduced, distributed, publicly performed, publicly displayed, and/or prepared materials that are copies of,

---

[1] The facts alleged in the SAC are taken as true solely for the purposes of the Motion.
[2] The 2009 CAMH is attached to the SAC as Exhibit A.
[3] The 2011 CAMH is attached to the SAC as Exhibit C.
[4] It should be noted that Plaintiffs only refer to Greeley's name change on November 4, 2013. [Dkt. 42, ¶ 7.] However, Plaintiffs fail to mention that Greeley sold the assets of HCPro, Inc. to Fortis prior to November 4, 2013 and that Greeley and Fortis are unrelated companies. In addition, Plaintiffs conflate Greeley and Fortis by referring to actions taken by "Defendants," in an attempt to avoid their obligations to specifically plead which Defendant committed which allegedly infringing act.

substantially similar to, and/or derivative of the CAMH." *Id.* at ¶ 14. Among those "materials" (a full list of which is not alleged in the SAC), the only ones specified are *Chapter Leader's Guide to Provision of Care* (2012 ed.) (the "Care Guide"); *Chapter Leader's Guide to Infection Control* (2012 ed.) (the "Infection Guide," attached hereto as Exhibit A); *Chapter Leader's Guide to Information Management* (2012 ed.) (the "Information Guide"); *Chapter Leader's Guide to Life Safety* (2013 ed.) (the "Safety Guide"); *Chapter Leader's Guide to Human Resources* (2012 ed.) (the "HR Guide," attached hereto as Exhibit B);[5] and *Verify and Comply: Credentialing and Medical Staff Standards Crosswalk*, Sixth Edition ("Verify and Comply"). *Id.* at ¶ 17. The aforementioned materials—expressly named in the SAC—are collectively referred to herein as the "Defendant Publications."

The SAC sets forth a single cause of action, for copyright infringement. Specifically, Plaintiffs claim that the Defendant Publications—along with various other unnamed and unspecified "materials" published or otherwise used by Defendants—infringe the Joint Commission's copyrights in the Plaintiff Publications. *Id.* at ¶¶ 9-23.

## ARGUMENT

The SAC does not state a plausible claim to relief for either JCR or the Joint Commission. Plaintiffs' pleading is deficient because (1) it does not allege that JCR owns a valid copyright; (2) the Joint Commission did not obtain (or even apply for) a registration of the copyright in the 2009 CAMH until after Plaintiffs instituted this lawsuit; (3) it does not clearly allege which of Defendants' works are at issue in this case or allege which Defendant committed which particular alleged act of infringement; (4) it does not plausibly allege that either Defendant

---

[5] The Infection Guide and the HR Guide are attached as exhibits to this memorandum in order to facilitate this Court's substantial similarity analysis. *See* Section IV.C., *infra*. Likewise, attached as Exhibit C is the Declaration of Davit T. Van Der Laan, which establishes that Exhibits A and B are true and correct copies of the Information Guide and the HR Guide, respectively.

-3-

had access to either of the Plaintiff Publications; and (5) it does not plausibly allege that the either the Infection Guide or the HR Guide is substantially similar to the 2011 CAMH as a whole.

## I. LEGAL STANDARD

Dismissal pursuant to Rule 12(b)(6) is required where a complaint fails to allege sufficient facts "to state a claim to relief that is plausible on its face" and presents nothing more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations of a complaint must amount to "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A plaintiff is required to give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). In deciding a motion to dismiss, the Court should ignore conclusory allegations and accept only well-pleaded facts. *Twombly*, 550 U.S. at 557.

In order to state a claim for copyright infringement, a plaintiff must plausibly allege that: (1) the plaintiff owns a valid copyright; and (2) the defendant copied constituent elements of the work that are original. *Hobbs v. John*, 722 F.3d 1089, 1094 (7th Cir. 2013); *see also Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F.Supp.2d 920, 923 (N.D. Ill. 2013) (Tharp, J.). Because direct evidence of copying is rarely available, a plaintiff may allege copying by plausibly alleging that the defendant had opportunity to copy the allegedly infringed work (commonly known as "access") and that the allegedly infringing work is substantially similar to the allegedly infringed work. *See Hobbs*, 722 F.3d at 1094; *Personal Keepsakes*, 975 F.Supp.2d at 923.

**II. JCR'S CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFFS DO NOT ALLEGE THAT CO-PLAINTIFF JCR OWNS A VALID COPYRIGHT**

JCR has not stated a claim for copyright infringement because the SAC does not allege that JCR owns a valid copyright. The first element of a claim for copyright infringement is ownership of a valid copyright. *Hobbs*, 722 F.3d at 1094. If a plaintiff does not allege such ownership, then the claim should be dismissed. *See, e.g., Flava Works Inc. v. Clavio*, 2012 WL 2459146 (N.D. Ill. June 27, 2012) (dismissing complaint where plaintiff failed to allege ownership of a valid copyright).

Here, Plaintiffs attempt to state a claim for copyright infringement with respect to two allegedly infringed works, namely, the Plaintiff Publications. [Dkt. 42, ¶¶ 9-28.] Plaintiffs allege that the Joint Commission, not JCR, is the author of the Plaintiff Publications. *Id.* at ¶¶ 9, 11. Plaintiffs also allege that the Joint Commission, not JCR, filed an application to register the copyright in the 2009 CAMH. *Id.* at ¶ 10. That application lists the Joint Commission, not JCR, as the copyright claimant. *Id.* at Ex. B. Plaintiffs further allege that the Joint Commission, not JCR, holds the copyright registration in the 2011 CAMH. *Id.* at ¶ 12. The 2015 supplementary registration form for the 2011 CAMH lists the Joint Commission, not JCR, as the copyright claimant. *Id.* at Ex. E. In fact, that form was filed expressly to make that change. Plaintiffs clearly allege that the Joint Commission owns valid copyrights in the Plaintiff Publications. However, there is no allegation that JCR is a joint author or otherwise shares ownership with the Joint Commission of a valid copyright in either of the Plaintiff Publications. Because Plaintiffs have not alleged that JCR owns a valid copyright in either of the Plaintiff Publications, JCR's claim for copyright infringement should be dismissed.

### III. THE SAC SHOULD BE DISMISSED AS TO THE 2009 CAMH BECAUSE THE COPYRIGHT WAS NOT REGISTERED PRIOR TO FILING SUIT

Plaintiffs cannot maintain this lawsuit with regard to the 2009 CAMH because the Joint Commission did not obtain (or even apply for) a registration of the copyright in the 2009 CAMH until after Plaintiffs instituted this lawsuit. According to the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Plaintiffs must obtain a copyright registration for the 2009 CAMH prior to instituting a copyright infringement lawsuit based on that work. *See Gaiman v. McFarlane*, 360 F.3d 644, 654-55 (7th Cir. 2004) ("The significance of registration is that it is a prerequisite to a suit to enforce a copyright. More precisely, an application to register must be filed, **and either granted or refused**, before suit can be brought") (emphasis supplied); *Neri v. Monroe*, 726 F.3d 989, 990 (7th Cir. 2013) ("[L]itigation to enforce a copyright is permissible only after it has been registered").

Here, Plaintiffs instituted this lawsuit by filing their initial Complaint on December 19, 2014. [Dkt. 1.] The Joint Commission did not have a copyright registration for the 2009 CAMH on that date. In fact, the Joint Commission did not even apply to register the copyright in the 2009 CAMH until June 3, 2015, nearly six months after Plaintiffs instituted this lawsuit. [Dkt. 42, ¶ 10.] Filing the First Amended Complaint and SAC did not cure this deficiency because neither pleading alleges that the Copyright Office has registered the copyright in the 2009 CAMH. Therefore, Plaintiffs did not comply with the Copyright Act's pre-litigation registration requirement, and so their claim regarding infringement of the 2009 CAMH should be dismissed.[6]

---

[6] Greeley acknowledges that one earlier Seventh Circuit decision implies that a plaintiff need only **apply** to register the copyright prior to instituting a copyright infringement lawsuit. *See Chicago Board of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003). Even under this "application" approach, however, Plaintiffs cannot maintain the

*See Triteq Lock & Sec. LLC v. Innovative Secured Solutions, LLC*, 2012 WL 394229, *4 (N.D. Ill. Feb. 1, 2012); *Furstperson, Inc. v. Iscopia Software, Inc.*, 2009 WL 2949777, *3 (N.D. Ill. Sep. 10, 2009).

IV. **THE SAC SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE THAT GREELEY COPIED CONSTITUENT ELEMENTS OF THE PLAINTIFF PUBLICATIONS THAT ARE ORIGINAL**

    A.    **Plaintiffs Do Not Clearly Allege Which Works Infringe the Plaintiff Publications**

Plaintiffs fail to state a claim for copyright infringement because they obscure and do not clearly allege which of Defendants' works are at issue in this case. A court should dismiss a copyright infringement claim that does not clearly specify which works are at issue. *See, e.g., Nat'l Bus. Dev. Services, Inc. v. Am. Credit Educ. and Consulting, Inc.*, 299 Fed.Appx. 509, 511-12 (6th Cir. 2008) (affirming dismissal of copyright infringement count where the plaintiff did not specify which of defendant's works were infringing); *Palmer Kane LLC v. Scholastic Corp.*, 2013 WL 709276, *3 (S.D.N.Y. Feb. 27, 2013) (dismissing copyright infringement complaint where plaintiff "provided a list of works but indicated that this list is not exhaustive" and thus did not "properly specify which works are at issue in the case").

In the SAC, Plaintiffs allege that "Defendants have reproduced, distributed, publicly performed, publicly displayed, and/or prepared materials that are copies of, substantially similar to, and/or derivative of" the 2009 CAMH and the 2011 CAMH. [Dkt. 42, ¶ 16.] While Plaintiffs do allege (albeit implausibly, as discussed in detail below) that the Defendant Publications infringe the Plaintiff Publications, Plaintiffs make it clear that the specified Defendant Publications are merely examples of Defendants' allegedly infringing "materials." *Id.* at ¶ 17.

---

instant lawsuit as to the 2009 CAMH. As discussed above, Plaintiffs instituted this suit nearly six months before the Joint Commission filed its application to register the copyright in the 2009 CAMH. Filing the application prior to filing the SAC is insufficient, and the Court should dismiss the 2009 CAMH claims in the SAC.

Thus, Plaintiffs' broad, unspecific allegations regarding Defendants' "materials" create a universe of potentially infringing works that includes each and every "material" that Greeley or Fortis has "reproduced, distributed, publicly performed, publicly displayed, and/or prepared" since the time the 2009 CAMH was created.

Moreover, Plaintiffs do not specify which Defendant committed which particular allegedly infringing act. Instead, each allegation of infringement lumps together both Greeley and Fortis, despite the fact that they are wholly separate and unrelated entities. Thus, Greeley does not have fair notice as to which of its actions has given rise to Plaintiffs' copyright infringement claim.

Plaintiffs do not allege a single fact supporting their conclusory allegation that these unnamed "materials" are copies of, substantially similar to, or derivative of either of the Plaintiff Publications. It would be impossible to do so, considering that Plaintiffs have not so much as identified all of the "materials" at issue. Defendants are not on fair notice of Plaintiffs' copyright infringement claim because Defendants do not know the full list of works that allegedly infringe the Plaintiff Publications, and because Plaintiffs have not identified which allegedly infringing actions were taken by which Defendant. Therefore, Plaintiffs' copyright infringement claim is implausible and should be dismissed. *See Nat'l Bus. Dev. Services*, 299 Fed.Appx. at 511-12; *Palmer Kane*, 2013 WL 709276 at *3.

**B.     Plaintiffs Do Not Plausibly Allege that Defendants had Opportunity to Copy Either of the Plaintiff Publications**

In addition, the SAC should be dismissed because Plaintiffs fail to plausibly allege that Defendants had opportunity to copy either of the Plaintiff Publications. Plaintiffs allege no facts that would constitute direct evidence of copying, and so they must allege (along with substantial

similarity) that Defendants had the opportunity to copy the Plaintiff Publications—otherwise known as "access." *See Hobbs*, 722 F.3d at 1094; *Personal Keepsakes*, 975 F.Supp.2d at 923.

Plaintiffs do make a threadbare, conclusory reference to Defendants' "access" to the Plaintiff Publications, buried in a paragraph asserting the legal conclusion that Defendants' acts were "willful, intentional, and purposeful." [Dkt. 42, ¶ 23.] Beyond this passing and conclusory reference to "access," the SAC contains no allegations regarding Defendants' purported access to the Plaintiff Publications. Plaintiffs do not allege how or when either Defendant had any opportunity to copy either of the Plaintiff Publications. The conclusory statement that "Defendants had access to the Works" stands alone and unsupported. *Id.* This sort of "naked assertion" is impermissible under *Twombly* and *Iqbal*. *See Best v. AT&T Mobility, LLC*, 2015 WL 1125539, *4 (S.D. Ohio Mar. 12, 2015) (stating that unsupported allegations that defendant infringed the plaintiff's copyrights by copying the plaintiff's recordings were "precisely the sort of 'naked assertion[s]' devoid of 'further factual enhancement' that cannot withstand a Fed.R.Civ.P. 12(b)(6) challenge") (quoting *Iqbal*, 566 U.S. at 678). Because Plaintiffs have not supported their allegation of access with any further factual enhancement, the SAC should be dismissed.

C. **Neither the Infection Guide nor the HR Guide is Substantially Similar to the 2011 CAMH**

The SAC also fails to state a claim with respect to the Defendant Publications because Plaintiffs fail to plausibly allege that any of the Defendant Publications is substantially similar to the 2011 CAMH.[7] A court should dismiss a copyright infringement claim if, as a matter of law,

---

[7] In addition, the "exemplary portions" alleged in Paragraph 18 of the SAC do not rise to the level of substantial similarity between any of the Defendant Publications and the 2009 CAMH as a whole. However, since Plaintiffs instituted this lawsuit before obtaining a copyright registration in the 2009 CAMH, this suit as to the 2009 CAMH should be dismissed. *See* Section III, *supra*. Thus, at this time, there is no need to address the lack of substantial similarity between any of the Defendant Publications and the 2009 CAMH, but Greeley reserves its right to do so in the future, if necessary.

the allegedly infringing work is not substantially similar to the allegedly infringed work. *Hobbs*, 772 F.3d at 1094. The determination of substantial similarity turns on the "ordinary observer" test: "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Personal Keepsakes*, 975 F.Supp.2d at 926-27 (quoting *Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)). "In applying this test, courts must heed the principle that, despite what the ordinary observer might see, the copyright laws preclude appropriation of *only those elements of the work that are protected by the copyright*. This means that unprotected, or unprotectible, elements of the work in question, even those that are most significant and most clearly similar, are not taken into account." *Id.* at 927 (emphasis in original; quotations omitted). The protectable elements taken by the allegedly infringing work must comprise a "substantial portion" of the allegedly infringed work as a whole. *See Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 619 (7th Cir. 1982) (superseded by statute on other grounds).

In deciding the instant motion, this court may conduct a substantial similarity analysis because the Infection Guide and the HR Guide are within the central focus of Plaintiffs' complaint and they are attached as exhibits to this supporting memorandum. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("It is well settled that in deciding a Rule 12(b)(6) motion, a court may consider 'documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim'") (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Here, Plaintiffs specifically allege in the SAC that the Infection Guide and the HR Guide each infringe the 2011 CAMH. [Dkt 42, ¶ 19.] Therefore, the Infection Guide and the HR Guide are referred to in the

SAC and are central to it. Because the Infection Guide and the HR Guide are attached hereto, this Court should consider them in determining, as a matter of law, whether they are not substantially similar to the 2011 CAMH. *See Brownmark*, 682 F.3d at 690.

The SAC refers to the one specific page in each of the Infection Guide and the HR Guide which Plaintiffs allege infringe the 2011 CAMH.[8] [Dkt. 42, ¶19.] The SAC allegedly links those two pages to two corresponding pages in the 2011 CAMH. *Id.* As discussed in detail below, a review of the Infection Guide, the HR Guide, and the 2011 CAMH in their entireties makes it clear that neither of the two separate allegedly infringing pages rises to the level of substantial similarity to the 2011 CAMH as a whole.

### i. The Infection Guide is not substantially similar to the 2011 CAMH

Plaintiffs allege that page 83 of the Infection Guide contains material that infringes the 2011 CAMH. *Id.* at ¶ 19. The SAC links page 83 of the Infection Guide to a single page of the 2011 CAMH, namely page NPSG-17. *Id.* The referenced page of the Infection Guide contains paraphrases of one (out of 300) Standard and four (out of 1750) Elements of Performance, which Standard and Elements of Performance allegedly appear on the referenced page of the 2011 CAMH.

This does not end the inquiry, however. The question is not whether the referenced material in the Infection Guide is substantially similar to the statements on the single referenced page of the 2011 CAMH; rather, it is whether the statements in the single referenced page in the Infection Guide renders the Infection Guide substantially similar to the 2011 CAMH **as a whole**. *See Atari*, 672 F.2d at 619. In other words, the question is whether the one page allegedly taken

---

[8] Plaintiffs allege that the specific page references are merely examples of infringing material in the Defendant Publications. [Dkt. 42, ¶ 19.] But Plaintiffs' lack of specificity regarding other allegedly infringing material is unacceptable under *Iqbal*, and this Court should disregard the implied conclusory allegation that other infringing material exists or can be vaguely asserted in this case.

from the 2011 CAMH for use in the Infection Guide comprises a substantial portion of the entire 2011 CAMH.

It does not and cannot. The 2011 CAMH spans 742 pages. *Id.* at Ex. C. Plaintiffs allege that the taken material appears on one page of the 2011 CAMH. *Id.* at ¶ 19. Even if that page was copied verbatim in its entirety (which it was not), only 0.1% of the 2011 CAMH was allegedly taken for use in the Infection Guide. This is not a quantitatively substantial portion of the 2011 CAMH. *See Newton v. Diamond*, 388 F.3d 1189, 1195-96 (9th Cir. 2004) (holding that 2 percent of allegedly infringed composition was not quantitatively substantial); *La. Contractors Licensing Service, Inc. v. Am. Contractors Exam Services, Inc.*, 13 F.Supp.3d 547, 554 (M.D. La. 2014) (holding that 1.3 percent of allegedly infringed sample exam questions was not quantitatively substantial).

Nor is the allegedly taken material a qualitatively substantial portion of the 2011 CAMH, which contains nearly 300 Standards and over 1750 Elements of Performance that were not alleged as taken for use in the Infection Guide. Plaintiffs do not allege—and the 2011 CAMH provides no reason to believe—that the one page of Standards and Elements of Performance allegedly taken is of any greater importance to the entire 2011 CAMH than the hundreds of other Standards and Elements of Performance which appear in the 2011 CAMH.

Moreover, the allegedly infringing material in the Infection Guide is not a verbatim recitation of the allegedly taken Standards and Elements of Performance from the 2011 CAMH. In other words, the Infection Guide did not appropriate the 2011 CAMH's expression of the Standard and Elements of Performance; instead, it restated through different expression the ideas represented by the Standard and Elements of Performance. It is black-letter law that ideas are not protectable by copyright. *See Incredible Technologies*, 400 F.3d at 1011.

Because the material allegedly taken from the 2011 CAMH for use in the Infection Guide is not a substantial portion of the 2011 CAMH as a whole, and because what was allegedly taken were the ideas (not the expression) embodied in one Standard and four Elements of Performance in the 2011 CAMH, the Infection Guide cannot be substantially similar to the 2011 CAMH.

### ii. The HR Guide is not substantially similar to the 2011 CAMH

Plaintiffs allege that page 124 of the HR Guide contains material that infringes the 2011 CAMH. [Dkt. 42, ¶ 19.] The SAC links that page of the HR Guide to a single page of the 2011 CAMH, namely page HR-6. *Id.* The single referenced page of the HR Guide contains recitations of two (out of 300) Elements of Performance, which Elements of Performance appear on the referenced page of the 2011 CAMH.

As discussed in Section IV.C.i above, however, the inquiry is whether the material allegedly taken from the 2011 CAMH for use in the HR Guide comprises a substantial portion of the 2011 CAMH as a whole. Here again, it does not and cannot. Plaintiffs allege that the taken material appears on one page of the 2011 CAMH. *Id.* Even if that page were copied verbatim in its entirety (which it was not), only 0.1% of the 2011 CAMH was allegedly taken for use in the HR Guide. This is not a quantitatively substantial portion of the 2011 CAMH. *See Newton*, 388 F.3d at 1195-96; *La. Contractors*, 13 F.Supp.3d at 554.

Nor is the allegedly taken material a qualitatively substantial portion of the 2011 CAMH, which contains over 1750 Elements of Performance that were not allegedly taken for use in the HR Guide. Plaintiffs do not allege—and the 2011 CAMH provides no reason to believe—that the one page of Elements of Performance allegedly taken is of any greater importance to the 2011 CAMH than the hundreds of other Elements of Performance which appear in the 2011 CAMH. Because the material allegedly taken from the 2011 CAMH for use in the HR Guide is

-13-

not a substantial portion of the 2011 CAMH as a whole, the HR Guide is not substantially similar to the 2011 CAMH.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiffs' Second Amended Complaint in all respects.

Dated: July 20, 2015

Respectfully submitted,

/s/ Rory J. Radding
Rory J. Radding (*pro hac vice*)
LOCKE LORD LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
(212) 308-4844 (facsimile)

David T. Van Der Laan
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700
(312) 443-0336 (facsimile)
*Attorneys for Defendant The Greeley Company, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that on July 20, 2015, I caused a copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT THE GREELEY COMPANY, INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT to be filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to the following:

John T. Gabrielides
Nicholas G. de la Torre
Jeffrey Catalano
Michael R. Friedman
BRINKS GILSON & LIONE
NBC Tower—Suite 3600
445 North Cityfront Plaza Drive
Chicago, IL  60611
(312) 321-4200
jgabrielides@brinksgilson.com
ndelatorre@brinksgilson.com
jcatalano@brinksgilson.com
mfriedman@brinksgilson.com

Richard N. Kessler
Matthew J. Cavanagh
Maxwell J. Goss
Owen P. Quinn
MCDONALD HOPKINS LLC
300 N LaSalle Street, Ste. 2100
Chicago, Illinois  60654
(312) 280-0111
rkessler@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
mgoss@mcdonaldhopkins.com
oquinn@mcdonaldhopkins.com

                                              /s/ David T. Van Der Laan