IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE JOINT COMMISSION ON ACCREDITATION OF HEALTHCARE ORGANIZATIONS, and JOINT COMMISSION RESOURCES, INC., | )<br>)<br>) Case No. 1:14-cv-10225<br>)<br>) Judge John J. Tharp |
| Plaintiffs, | )<br>) JURY TRIAL DEMANDED |
| v. | ) |
| THE GREELEY COMPANY, INC. and FORTIS BUSINESS MEDIA LLC d/b/a BLR – BUSINESS & LEGAL RESOURCES, | )<br>)<br>)<br>) |
| Defendants. | ) |

PLAINTIFFS' OPPOSITION TO FORTIS BUSINESS MEDIA LLC'S
MOTION TO DISMISS, IN PART, SECOND AMENDED COMPLAINT

**I.  THE JOINT COMMISSION'S COPYRIGHT APPLICATION IS LEGALLY SUFFICIENT TO SUPPORT PLAINTIFFS' COPYRIGHT INFRINGEMENT CLAIM**

"In the absence of controlling authority from the Seventh Circuit, the court is persuaded that the application approach is correct."

So holds the most recent case from this District on the "application v. registration" issue that Fortis raises: *Panoramic Stock Images, Ltd. v. John Wiley & Sons, Inc.*, 963 F. Supp. 2d 842, 849-50 (N.D. Ill. 2013).

The defendant in *John Wiley* moved to dismiss the plaintiff's copyright infringement claim under Rule 12(b)(6), arguing that plaintiff's pending copyright application could not support the claim; that a copyright registration is required. The Court denied the motion after reviewing the same cases that Fortis here relies on. The Court found that the most recent cases in this District follow the application approach. Specifically:

On January 17, 2013, the Court in *Leventhal v. Schenberg*, 917 F. Supp. 2d 837 (N.D. Ill. 2013), found that plaintiff's allegation that it had filed a copyright application was sufficient to state a claim for copyright infringement. "No more is required at this stage of the litigation." *Id*. at 845.

On May 29, 2013, the Court in *Panoramic Stock Images, Ltd. v. Pearson Education, Inc.*, 2013 WL 2357586 (N.D. Ill. May 29, 2013), explained that "Although it has yet to expressly rule on the issue, the Seventh Circuit appears to follow the application approach, whereby receipt by the Copyright Office of a complete application satisfies Section 411(a)." *Id*. at *2.

And on August 9, 2013, the Court in *Panoramic Stock Images, Ltd. v. The McGraw-Hill Cos., Inc.*, 961 F. Supp. 2d 918 (N.D. Ill. 2013), rejected defendant's argument that plaintiff's reliance on a copyright application did not state a claim for copyright infringement. The Court followed the "application approach" and denied defendant's motion to dismiss. *Id*. at 928.[1]

*John Wiley* and the three District Court cases discussed above were each decided after the cases on which Fortis relies.

Fortis cites *John Wiley* in its Motion, but characterizes the case as merely "explaining two views." (Doc. 45 at 5.) But *John Wiley* does more than merely explain; it chooses between the two. And it chooses the "application approach" based on *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624 (7th Cir. 2003), and the above-discussed cases from this District. The application approach requires denial of Fortis' motion.

---

[1] *See also Hard Drive Productions, Inc. v. Does 1-55*, 100 USPQ2d 1539, 1542 (N.D. Ill. 2011) ("Hard Drive's allegations that it has filed an application with the Copyright Office satisfies the registration requirement of § 411(a)").

Fortis acknowledges the Seventh Circuit's statement in *CBOE v. Substance* that "an application for registration must be filed before the copyright can be sued upon." *Id*. at 631. However, Fortis interprets that to be nothing more than a truism: a copyright application must be filed because filing is a necessary step on the way to issuance of a registration. And only a registration, Fortis continues, is enough. Fortis' contortion of the English language notwithstanding, it makes little sense for the Seventh Circuit to have explained what is necessary but *not* sufficient to support a copyright infringement claim (which is what Fortis argues). More importantly, Fortis' novel interpretation of *CBOE v. Substance* is rejected by the holdings of *John Wiley*, *McGraw-Hill*, *Pearson*, *Leventhal*, and *Hard Drive*. Each case interprets *CBOE v. Substance* to mean that a copyright application is, by itself, enough to support an infringement claim. *See John Wiley*, 963 F.Supp.2d at 849.

Fortis' argues that two sentences in *CBOE v. Substance* "appear to align the Seventh Circuit with the registration approach" (Doc. 45 at 6). The two sentences, however, address the situation where a registration was granted based on a false claim made by the applicant to the Copyright Office:

> In its application for registration the school board claimed to have a copyright in the entire contents of the tests. Had the claim been false, the registration should not have issued and maybe therefore the copyright could not have been sued upon.

*CBOE v. Substance*, 354 F.3d at 631. The "maybe" scenario involving a falsely-obtained registration says nothing about whether a lawsuit can be filed based on a copyright application.

Fortis relies on the Seventh Circuit's statement in *Gaiman v. McFarlane*, 360 F.3d 644, 655 (7th Cir. 2004), that "an application to register must be filed, and either granted or refused, before suit can be brought." But Fortis fails to explain the different posture of *Gaiman*. Neither

3

the District Court nor the Seventh Circuit in *Gaiman* was called upon to decide whether a copyright infringement claim requires a copyright registration or whether a copyright application is sufficient. That is because the plaintiff's lawsuit in *Gaiman* "[was] not a suit for infringement" (*Id*. at 652) but was brought to determine who owned the copyright in certain comic-book characters (*Id*. at 648). And the case went up to the Seventh Circuit not on a motion to dismiss, but after a judgment was entered following a jury trial. (*Id*.)

By contrast, each of the four 2013 District Court cases discussed above was decided on a Rule 12(b)(6) motion to dismiss and addressed the precise "application v. registration" issue presently before this Court.

The *John Wiley* decision is not only legally sound but practical as well. Under Fortis' argument, the Court should dismiss Plaintiffs' infringement claim based on the *2009 CAMH, Update 2* until such time as the Copyright Office acts on the application. At that point, regardless of whether the Copyright Office accepts or rejects the application, Plaintiffs can bring their infringement claim based on the *2009 CAMH, Update 2*. That will only delay resolution of the parties' dispute.

The Court in *John Wiley* described the inefficiency of the "registration approach" by quoting the Ninth Circuit's decision in *Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 619-20 (9th Cir. 2010):

> [T]he application approach avoids unnecessary delay in copyright infringement litigation, which could permit an infringing party to continue to profit from its wrongful acts. Section 411(a) allows a party, after applying for registration, to litigate the claim whether the Copyright Office accepts or rejects the registration. Under the registration approach, however, a party must wait on the Copyright Office's affirmative acceptance or rejection, despite knowing that suit can proceed in either event. As the leading treatise on copyright explains, the registration approach thus creates a strange scheme: "[G]iven that the claimant . . . will ultimately be allowed to proceed regardless

of how the Copyright Office treats the application, it makes little sense to create a period of 'legal limbo' in which suit is barred." *See* 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][1][a][i] (2008). The application approach avoids this legal limbo—and avoids prolonging the period of infringement—by allowing a litigant to proceed with an infringement suit as soon as he has taken all of the necessary steps to register the copyright at issue.

Plaintiff The Joint Commission on Accreditation of Healthcare Organizations ("The Joint Commission") has "taken all of the necessary steps to register the copyright at issue." Paragraph 10 of Plaintiffs' Second Amended Complaint alleges: "On June 3, 2015, The Joint Commission filed with the Copyright Office an application to register the copyright in the 2009 CAMH, Update 2. (Exh. B.)" The Exhibit includes the application, which The Joint Commission filed electronically, and the Copyright Office's acknowledgment of receipt of the application.

Fortis argues that it needs to know whether a registration will issue for the 2*009 CAMH, Update 2* because it affects the parties' burdens of proof. (Doc. 45 at 7.) But by the time this case goes to trial or is ripe for decision by summary judgment, the Copyright Office will have acted on the application and thus the burdens of proof will be set. According to the Copyright Office, the processing time for electronic copyright applications is eight months, at most. *See* http://copyright.gov/eco/. The Joint Commission filed its copyright application for the *2009 CAMH, Update 2* on June 3, 2015 (Doc. 42-2, pp. 5-6), so the Copyright Office will act on the application by February 2016. The parties' respective burdens of proof will be determined long before the Court or the jury is asked to render a decision on Plaintiffs' infringement claim.

Although Fortis complains that plaintiffs did not pay a special handling fee to accelerate the Copyright Office's handling of the application (Doc. 45 at 8), there was no need to do so

given the law in this District that the filing of a copyright application is, by itself, sufficient to support a copyright infringement claim.[2]

## II. FORTIS SHOULD HAVE ANSWERED THE ALLEGATIONS OF THE SECOND AMENDMENT COMPLAINT THAT ARE NOT BASED SOLELY ON THE *2009 CAMH, UPDATE 2*

Fortis could and should have answered those allegations of the Second Amended Complaint that are not based solely on the *2009 CAMH, Update 2*. (*See*, *e.g.*, Doc. 42, ¶¶ 1-8, 11-17, and 19-28.) Indeed, Fortis previously answered the original Complaint and the First Amended Complaint in their entireties. (*See* Docs. 18 and 33.) Nevertheless, Plaintiffs do not oppose Fortis' request for another 14 days, following entry of the Court's order on this motion, within which to answer the Second Amended Complaint.

For the foregoing reasons, Plaintiffs requested that Fortis' motion be denied and that Fortis be ordered to answer the Second Amended Complaint within 14 days of the Court's decision.

Respectfully submitted,

*/s/ John Gabrielides*
John T. Gabrielides (IL Bar No. 6198323)
Nicholas G. de la Torre (IL Bar No. 6269612)
Jeffrey Catalano (IL Bar No. 6289197)
Michael R. Friedman (IL Bar No. 6312846)
BRINKS GILSON & LIONE
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599

Attorneys for Plaintiff

---

[2] Greeley's motion to dismiss raises the same "application v. registration" issue that Fortis raises. (Doc. 46 at 6-7.) Greeley relies on the same authorities on which Fortis relies, except that Greeley adds *Neri v. Monroe*, 726 F.3d 989 (7th Cir. 2013) to its argument. *Neri* does not help Greeley, because that case "did not present the application vs. registration issue raised here, and there is no indication that *Neri* intended to commit the Seventh Circuit to the registration approach." *John Wiley*, 963 F.Supp.2d at 849.

## Certificate of Service

I hereby certify that on August 10, 2015, I served a copy of:

**PLAINTIFFS' OPPOSITION TO FORTIS BUSINESS MEDIA LLC'S MOTION TO DISMISS, IN PART, SECOND AMENDED COMPLAINT**

on counsel of record pursuant to the Court's Electronic Case Filing ("ECF") system.

></>/s/ John Gabrielides_____
John Gabrielides
Counsel for Plaintiffs